

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| JARODE JERMAINE WITHERSPOON, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Civil Action No. 9:16-03869-MGL-BM |
| SOUTH CAROLINA DEPARTMENT OF CORRECTIONS and SCDC CLASSIFICATION STAFF MEMBERS, | § § § § § | |
| Defendants. | § § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This is a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process, and Plaintiff's motion for leave to proceed in forma pauperis be denied without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate

Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on August 16, 2017. ECF No. 25. On August 25, 2017, the Clerk of Court filed Plaintiff's purported objections to the Report (Plaintiff's Letter). ECF No. 27.

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Even when construed liberally and in the light most favorable to Plaintiff, Plaintiff's Letter fails to set forth any specific objections to the Report. Instead, Plaintiff's Letter consists of a recitation of various procedural rules and an attachment containing complaints about prison conditions. Plaintiff's Letter is rambling and incomprehensible, and any meaningful counter to the well-reasoned conclusions in the Report is absent. Because Plaintiff's Letter fails to allege any specific objection to the Report, the Court need not—and will not—address the content of Plaintiff's Letter further.

After a thorough review of the Report, Plaintiff's Letter, and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Plaintiff's Complaint is **DISMISSED WITHOUT**

**PREJUDICE** and without issuance and service of process, and Plaintiff's motion for leave to proceed in forma pauperis is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 13th day of November 2017 in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.